IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROY JON, | § | |
| TDCJ-CID NO. 626840, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-10-3344 |
| RICK THALER, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions | § | |
| Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Roy Jon, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) challenging three prison disciplinary rulings against him. The respondent has filed a Motion for Summary Judgment with Brief in Support (Docket Entry No. 18) supported by TDCJ-CID records. After reviewing the pleadings and the records, the court has determined that the motion should be granted and this action should be dismissed.

### I. Procedural History and the Arguments

Jon is serving a twenty-five-year sentence for delivery of a controlled substance, cocaine. State v. Jon, No. 241-0565-03 (114th Dist. Ct., Dallas County, Tex., Aug. 20, 1992).

(Respondent's Exhibit A, Docket Entry No. 18-1 at 2)   A procedural history concerning appeal and post-conviction proceedings of a felony offense is not relevant because Jon does not attack the validity of his state court conviction.   Instead, Jon's petition concerns three prison administrative disciplinary proceedings.

In the first proceeding (TDCJ-CID Disciplinary Case No. 20090312514), Jon was charged with and found guilty of refusing to work and was assessed the following punishments:   (1) thirty days of commissary restriction, (2) thirty days of cell restriction, (3) a reduction in classification from Line Class 1 (L1) to Line Class 2 (L2), and (4) forfeiture of thirty days' good-time credit.   (Respondent's Exhibit B, Docket Entry No. 18-2 at 3) Jon filed Step 1 and Step 2 Grievances, both of which were denied. (Respondent's Exhibit C, Docket Entry No. 18-3)   The TDCJ-CID administration's response to the Step 2 Grievance was issued on September 18, 2009.   Id.

In the second proceeding (TDCJ-CID Disciplinary Case No. 20100012220), Jon was charged with and found guilty of refusing or failing to obey orders and was assessed the following punishments: (1) thirty days of commissary restriction, (2) thirty days of cell restriction, and (3) forfeiture of thirty days' good-time credit.   (Respondent's Exhibit D, Docket Entry No. 18-4) Jon's Step 1 and Step 2 Grievances were both denied. (Respondent's Exhibit E, Docket Entry No. 18-5)   The response to the Step 2 Grievance was issued on December 2, 2009.   Id.

-2-

In the third proceeding (TDCJ-CID Disciplinary Case No. 20100089247), Jon was again charged with and found guilty of refusing or failing to obey orders and was assessed the following punishments: (1) thirty days of commissary restriction, (2) thirty days of cell restriction, (3) thirty days of phone restriction, (4) reduction in classification from L2 to L3, and (5) forfeiture of sixty days' good-time credit. (Respondent's Exhibit F, Docket Entry No. 18-6)  Jon's Step 1 and Step 2 Grievances were both denied. (Respondent's Exhibit G, Docket Entry No. 18-5)  The response to the Step 2 Grievance was issued on February 1, 2010. Id.

Jon filed his federal habeas petition on August 20, 2010. See Starns v. Andrews, 524 F.3d 612, 616 (5th Cir. 2008).  He asserts that his due process rights were violated because the TDCJ-CID officials failed to comply with TDCJ-CID regulations. (Docket Entry No. 1 at 10)  Jon alleges the following deficiencies in his disciplinary proceedings:

1. He was not given adequate notice of the charges within 24 hours; nor did he receive a pre-hearing investigation. Id.

2. He was not provided adequate counsel. Id.

3. The captain or disciplinary hearing officer (DHO) was not adequate and impartial. Id. at 11.

4. The DHO disregarded relevant and tangible evidence that would have been significant in determining whether Jon was guilty. Id.

5. The DHO denied Jon the right to present witness testimony. Id. at 11-12.

-3-

      6.     The DHO failed to make a written finding presenting the evidence relied upon in making his finding of guilt. <u>Id.</u> at 12.

      7.     Jon's work time credits were wrongfully forfeited. <u>Id.</u> at 13.

Jon also contends that TDCJ-CID officials abused their authority by retaliating against him in violation of his rights under the First and Fourteenth Amendments. <u>Id.</u>

The respondent argues in his Motion for Summary Judgment (Docket Entry No. 18) that Jon's challenge regarding the loss of privileges, imposition of restrictions, and classification demotion in each case are not actionable under federal habeas law. The respondent also argues that Jon was afforded the constitutional rights to which he was entitled as a prisoner during the disciplinary proceedings and that his good-time credits were forfeited in compliance with the Due Process Clause. The respondent also asserts that the records indicate that there was sufficient evidence to support the disciplinary officer's findings of guilt in each case.

In response to Jon's complaint that he was denied effective counsel, the respondent points out that Jon does not have a constitutional right to appointed counsel. Moreover, the disciplinary cases were not complex, and generally they only involved a credibility dispute between Jon's testimony and that of the charging officer. Finally, the respondent argues that Jon failed to exhaust all of his claims before filing his federal

-4-

habeas petition, and that the unexhausted claims are subject to dismissal because Jon is now procedurally barred from presenting them.

## II.  **Summary Judgment Standards**

Summary Judgment standards established under the Federal Rules of Civil Procedure apply in habeas corpus cases brought under 28 U.S.C. § 2254.  <u>Clark v. Johnson</u>, 202 F.3d 760, 764 (5th Cir. 2000); <u>McBride v. Sharpe</u>, 25 F.3d 962, 969 (11th Cir. 1994).  A summary judgment shall be issued if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); <u>Hall v. Thomas</u>, 190 F.3d 693, 695 (5th Cir. 1999).  In considering a motion for summary judgment, the court construes factual controversies in the light most favorable to the non-movant, but only if both parties have introduced evidence showing that an actual controversy exists.  <u>Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois</u>, 140 F.3d 622, 625 (5th Cir. 1998).  The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case.  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 106 S.Ct. 2548, 2553 (1986).

The non-moving party may not rest solely on its pleadings. <u>King v. Chide</u>, 974 F.2d 653, 656 (5th Cir. 1992).  For issues on

which the non-movant will bear the burden of proof at trial, he must produce summary judgment evidence and designate specific facts indicating that there is a genuine issue for trial. Celotex, 106 S.Ct. at 2552; Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996).  The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1356 (1986).  To meet its burden, the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact.  Conkling v. Turner, 18 F.3d 1285, 1295 (5th Cir. 1994).  If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted.  Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2511 (1986).  A habeas petitioner cannot rely on "bald assertions on a critical issue in his pro se petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding."  Ross v. Estelle, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

## III.  Analysis

### A.  Not All Disciplinary Punishments are Actionable

A petitioner's habeas challenge to a disciplinary hearing is not actionable in federal court if the outcome of the administrative proceeding does not adversely affect his release date.  See Sandin v. Conner, 115 S.Ct. 2293, 2297 (1995); Luken v.

Scott, 71 F.3d 192, 193 (5th Cir. 1995).  A prisoner does not have many of the rights and privileges that a free citizen enjoys. Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997).  In some instances, the state may create liberty interests that are protected by the Due Process Clause.  Id.  However, a prison inmate may only seek relief from disciplinary actions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin, at 2300.

Four of the five punishments issued in Jon's three disciplinary hearings (commissary restriction, cell restriction, phone restriction, and reduction in classification) did not impose an "atypical and significant" hardship on Jon.  Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000); Madison, 104 F.3d at 768 ("[Thirty] day commissary and cell restrictions as punishment are in fact merely changes in the conditions of his confinement and do not implicate due process concerns.  They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest.").  Nor did they have a direct effect on his release date.  See Venegas v. Henman, 126 F.3d 760, 765 (5th Cir. 1997); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992).  Only Jon's losses of good-time credits are subject to review in this federal habeas action.  Houser v. Dretke, 395 F.3d 560 (5th Cir. 2004); Murphy v. Collins, 26 F.3d 541, 543 n.5 (5th Cir. 1994).

B.   **Exhaustion**

A petitioner is required to exhaust available state procedures before he may pursue habeas relief in federal court.  See Wion v. Quarterman, 567 F.3d 146, 148 (5th Cir. 2009), citing Orman v. Cain, 228 F.3d 616, 619-20 (5th Cir. 2000).  Generally, this requires the petitioner to present his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or in a state application for a writ of habeas corpus filed pursuant to Article 11.07 of the Texas Code of Criminal Procedure.  See Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990).  However, the proceedings at issue are prison disciplinary hearings, and the Court of Criminal Appeals does not entertain such claims.  Ex parte Brager, 704 S.W.2d 46 (Tex. Crim. App. 1986).  Consequently, the exhaustion requirement is met if the prisoner fully utilizes the prison appeal system.  Baxter v. Estelle, 614 F.2d 1030, 1031-32 (5th Cir. 1980); Lerma v. Estelle, 585 F.2d 1297, 1298 (5th Cir. 1978).  See also Spaulding v. Collins, 867 F.Supp. 499, 502 (S.D. Tex. 1993) ("Because this case involves a prison disciplinary action, it is not reviewable by state courts and is properly brought by federal habeas corpus petition to this court" after exhaustion of the TDCJ grievance procedure.).  TDCJ-CID has a two-step grievance process for presenting administrative grievances, including challenges to disciplinary decisions.  See Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004), citing Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001); Powe v. Ennis,

-8-

177 F.3d 393, 394 (5th Cir. 1999).  Jon must have followed the two-step review process as to each grievance; otherwise, he has not met the exhaustion requirement, and his claims are subject to dismissal.  See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994).

Jon filed Step 1 and Step 2 Grievances appealing the results in all three disciplinary cases.  In the first one (TDCJ-CID Disciplinary Case No. 20090312514), Jon complained in his grievances that

1. TDCJ-CID rules were not followed;

2. He was not given proper notice of the charges;

3. His substitute counsel was ineffective;

4. The DHO was biased;

5. The DHO denied Jon the right to present witness testimony and wrongly admitted evidence;

6. There was insufficient evidence to support a finding of guilt;

7. The record was incomplete due to the DHO's stopping the tape to conduct an off-the-record conversation; and

8. Jon's punishment, including forfeiture of work-time credits, was wrongful.

Business Records Affidavit, Exhibit C to Respondent Thaler's Motion for Summary Judgment, Docket Entry No. 18-3.

Jon's grievances of Disciplinary Case No. 20090312514 contain allegations that would have notified TDCJ-CID as to his claims that he was denied due process.  However, his grievances contain no

-9-

allegations regarding retaliation as alleged in his federal petition.

In the second proceeding (TDCJ-CID Disciplinary Case No. 20100012220), Jon's Step 1 and Step 2 Grievances contained the following allegations:

1.    Jon was denied proper notice of the charges;

2.    He was not allowed to present documentary evidence;

3.    TDCJ-CID regulations were not followed;

4.    There was no evidence to support the finding of guilt;

5.    The DHO coached the charging officer during the hearing; and

6.    Jon's punishment, including forfeiture of work-time credits, was wrongful.

Business Records Affidavit, Exhibit E to Respondent Thaler's Motion for Summary Judgment, Docket Entry No. 18-5.

The grievances appealing the outcome of No. 20100012220 do not contain any allegations concerning retaliation.  There are also no allegations that the DHO failed to issue written findings of fact. Moreover, although Jon accuses the DHO of coaching the charging officer in giving testimony, he does not allege actual bias.

In Jon's grievances appealing the third proceeding (TDCJ-CID Disciplinary Case No. 20100089247), he presents the following allegations:

1.    The DHO failed to adhere to TDCJ-CID's disciplinary procedural rules;

    2.    Jon was not given proper notice of the charges in a
timely manner;

    3.    The DHO did not allow Jon to question the charging
officer concerning his duties and the policy of
requesting a supervisor to solve a dispute between
prisoners; and

    4.    There was insufficient evidence to support a
finding of guilt.

Business Records Affidavit, Exhibit G to Respondent Thaler's Motion
for Summary Judgment, Docket Entry No. 18-7.

Jon's grievances appealing No. 20100089247 fail to include his
habeas claims that he was denied adequate counsel, that he was
denied the right to present witnesses, or that his work-time
credits were wrongfully forfeited. Moreover, he fails to allege
retaliation.

The TDCJ-CID administrative grievance rules allow prisoners
fifteen days after the disciplinary hearing occurred to file their
Step 1 Grievance. <u>See</u> TDCJ-CID Offender Orientation Handbook,
<u>http://www.tdcj.state.tx.us/publications/cid/OffendOrientHbkNov04</u>
<u>.pdf</u> at 52. If the prisoner wishes to appeal the outcome of his
Step 1 Grievance, he has 15 days to file his Step 2 Grievance. <u>Id.</u>
Pursuant to the TDCJ-CID rules, Jon is now foreclosed from raising
his unexhausted claims in the TDCJ-CID grievance process, and he
has no other means of meeting the exhaustion requirement in the
state prison system. <u>See</u> <u>Spaulding</u>, 867 F.Supp. at 502. When a
habeas petitioner presents claims that have not been properly
exhausted in the state courts or through the administrative process

-11-

and which cannot now be pursued in the state system, he has defaulted and is barred from presenting the defaulted claims for review in a federal habeas corpus proceeding. Ylst v. Nunnemaker, 111 S.Ct. 2590, 2593 (1991); Nobles v. Johnson, 127 F.3d 409, 423 (5th Cir. 1997). Accordingly, Jon's unexhausted claims are barred from consideration. See Beckford v. Martinez, 408 Fed.Appx. 518, 520 (3d Cir. 2010) (habeas petition challenging disciplinary proceeding barred due to failure to exhaust prison remedies), citing Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). See also Horsley v. Johnson, 197 F.3d 134, 136 (5th Cir. 1999) (unexhausted claims are subject to dismissal as procedurally barred where it is evident that the state courts would also dismiss them as barred).

Procedural default may be overcome if the petitioner can demonstrate cause and prejudice or that failure to consider the claim would result in a fundamental miscarriage of justice. Morris v. Dretke, 413 F.3d 484, 491-92 (5th Cir. 2005). However, Jon has failed to allege or demonstrate either exception, nor has he shown that it would have been futile to raise the claims on administrative review. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994).

Moreover, Jon's unexhausted claims have no merit. His claim of retaliation is unsupported and does not warrant further review. See Byrne v. Butler, 845 F.2d 501, 513 (5th Cir. 1988). Moreover,

this claim is based on civil rights principles that are pursued in actions filed under 42 U.S.C. § 1983. See Preiser v. Rodriguez, 93 S.Ct. 1827, 1833 (1973). Jon, who is proceeding in forma pauperis in this proceeding, has been barred from filing civil rights complaints without paying the filing fee in advance due to his history of frivolous prisoner lawsuits. See Jon v. Goodney, No. 01-20490 (5th Cir. Aug. 23, 2001). He has also been warned against filing frivolous appeals. Id. Consequently, Jon cannot pursue his retaliation claim in a civil rights proceeding because there is no indication that he is in any danger. Choyce v. Dominguez, 160 F.3d 1068, 1071 (5th Cir. 1998), citing Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998).

Jon's other unexhausted claims concern alleged shortcomings in the prison administrative proceedings. As will be discussed below, the record shows that Jon received the constitutional protections to which he was entitled as a prisoner facing disciplinary charges, and he is not entitled to relief irregardless of the exhaustion issue.

## C.   The Disciplinary Hearings - No Denial of Due Process

Unlike a defendant in a criminal trial, a prisoner in a disciplinary proceeding has limited due process rights. Wolff v. McDonnell, 94 S.Ct. 2963, 2975 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not

apply."). These rights are met when the prison officials
"(1) provide advance written notice of at least twenty-four hours
to the prisoner; (2) issue a written statement of the fact finders
as to evidence relied upon and their reasons for action; and
(3) offer the prisoner an opportunity to call witnesses and present
documentary evidence." Houser v. Dretke, 395 F.3d 560, 562 (5th
Cir. 2004), citing Wolff, 94 S.Ct. at 2978-80. See also Morgan v.
Quarterman, 570 F.3d 663, 668 (5th Cir. 2009). The Disciplinary
Hearing Records (Docket Entry Nos. 18-2, 18-4, and 18-6), along
with the audio recordings submitted in this proceeding (See Docket
Entry No. 18: Exhibits H, I, and J.), reflect that these standards
were met. In all three cases, Jon was given written notice more
than 24 hours before each hearing. (Docket Entry Nos. 18-2 at 3;
18-4 at 3; and 18-6 at 3) The DHO's decision in each case was
supported by a written finding summarizing the testimony and
documentary evidence. (Docket Entry Nos. 18-2 at 4; 18-4 at 4; and
18-6 at 4) Jon has failed to show that his rights were violated.
See Wolff.

In each case Jon was represented by a counsel substitute who
presented evidence and made objections on Jon's behalf. Id.; see
also recordings: Exhibits H, I, and J. Moreover, Jon's allegations
concerning ineffectiveness of his counsel do not present an issue
for review because there is no right to appointed counsel at a
disciplinary hearing. Baxter v. Palmigiano, 96 S.Ct. 1551, 1556-

-14-

1557 (1976), <u>citing</u> <u>Wolff</u>, 94 S.Ct. at 2981; <u>Enriquez v. Mitchell</u>, 533 F.2d 275, 276 (5th Cir. 1976).

In the case of the first charge (No. 20090312514 - Refusal to Work), Jon's defense was that there was confusion regarding his schedule and that his medical restrictions prevented him from being able to work.  In response, the DHO contacted Jon's work supervisor who was also the charging officer by telephone.  The supervisor testified that there was no mistake and that Jon knowingly refused to work.  (Exhibit H)  Moreover, there is a written statement from a doctor that Jon's medical restrictions did not prevent him from working.  This evidence was sufficient to uphold the DHO's decision.  <u>Hudson v. Johnson</u>, 242 F.3d 534, 536 (5th Cir. 2001) (only "some evidence" is required in a prison disciplinary hearing), <u>quoting</u> <u>Superintendent, Mass. Correctional Inst., Walpole v. Hill</u>, 105 S.Ct. 2768, 2773 (1985).  <u>See also</u> <u>Henson v. United States Bureau of Prisons</u>, 213 F.3d 897, 898-99 (5th Cir. 2000) (Only some proof of an infraction is necessary for a disciplinary hearing officer to make a finding of guilt, even if there is contradictory evidence.).  Although Jon's requested witnesses were not physically present at the hearing, they either testified by telephone or their written statements were submitted and considered.  Jon is not entitled to relief because he has not shown how he was harmed by the absence of live witness testimony. <u>Morgan</u>, 570 F.3d at 668 (charging officer testified by speaker

-15-

phone); Howard v. U.S. Bureau of Prisons, 487 F.3d 808, 813 (10th Cir. 2007) (written statement by witness).

Jon's complaints about the DHO's alleged partiality have no basis. Like a judge in a formal court, a prison disciplinary hearing officer cannot be disqualified from hearing a case merely because he has ruled against a prisoner. See Liteky v. United States, 114 S.Ct. 1147, 1157 (1994); Matter of Hipp, Inc., 5 F.3d 109, 116 (5th Cir. 1993). In cases involving prison disciplinary officers, these officials work in the prison system maintaining daily contact with prisoners. See Frank v. Larpenter, 234 F.3d 706, 2000 WL 1598076, at *3 (5th Cir. Oct. 3, 2000) (unpublished); see also Adams v. Gunnell, 729 F.2d 362, 370 (5th Cir. 1984). Consequently, they "are not held to the same standard of neutrality as adjudicators in other contexts." Id. Jon has failed to show bias because there is nothing to indicate that the DHO's decision was so arbitrary as to constitute a violation of Jon's right to due process. Id.

In the second case (No. 20100012220 - Refusing or Failing to Obey Orders), Jon was given advance notice of the charges, attended the hearing with his counsel substitute, and was able to present evidence in his defense. The audio recording (Exhibit I) includes Jon's testimony indicating that there was a misunderstanding with the charging officer regarding where he was supposed to go. Jon alleged that the officer offered him cigarettes, which he refused,

-16-

and that she then screamed at him and ordered him to go to his
cell.  He also presented written statements from four other
prisoners in support of his argument.  The prisoners could not be
present because the prison unit was on lock-down.  Contradicting
Jon's defense, the charging officer then testified by telephone
that she ordered Jon to go to the day room and he refused to
comply.  She also denied offering cigarettes to him or screaming at
him.  As in the first proceeding, there was sufficient evidence to
uphold the DHO's findings and Jon's due process rights were not
violated.  See Houser, 395 F.3d at 562.

In the third case (No. 20100089247 - Refusing or Failing to
Obey Orders), Jon was given advance notice of the charges, attended
the hearing with his counsel substitute, and was able to present
evidence in his defense.  The audio recording of the hearing
(Exhibit J), includes Jon's testimony that he did not comply with
the order to clear the run because the charging officer prevented
him from going to his cell by closing the cell doors.  He also
stated that the inmate field force was going out to work, implying
that there was traffic in the hallways that would have hindered
transfers.  The charging officer testified that he had given Jon
ample time to go to his cell but that Jon had stopped to engage in
conversation with another prisoner.  The charging officer then
closed the cell doors and ordered Jon to go to the day room.  Jon
refused to comply.  The charging officer also denied that the field

-17-

force was going out at the time.  The DHO's determination regarding the credibility of the witnesses' testimony is not subject to review in this habeas proceeding, and there was sufficient evidence to meet the constitutional standards and uphold the finding. Richards v. Dretke, 394 F.3d 291, 295 (5th Cir. 2004), citing Hudson, 242 F.3d at 537.  The record demonstrates that Jon was afforded due process at the hearing and that there was sufficient evidence to support the outcome.  See Wolff, 94 S.Ct. at 2978-79 (1974); Richards, 394 F.3d at 294.

Based on the court's evaluation of Jon's claims, the court concludes that the petition for a writ of habeas corpus filed in this action should be dismissed because Jon has failed to demonstrate that he is entitled to federal habeas relief. Respondent Thaler's Motion for Summary Judgment (Docket Entry No. 18) will therefore be granted, and this action will be dismissed.

### IV.  Certificate of Appealability

Under 28 U.S.C. § 2253, Jon needs to obtain a certificate of appealability before he can appeal this Memorandum Opinion and Order dismissing his petition.  To obtain a certificate of appealability Jon must make a substantial showing of the denial of a constitutional right.  Williams v. Puckett, 283 F.3d 272, 276 (5th Cir. 2002).  To make such a showing Jon must demonstrate that the issues are debatable among jurists of reason; that a court

-18-

could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. Lucas v. Johnson, 132 F.3d 1069, 1073 (5th Cir. 1998).  For the reasons stated in this Memorandum Opinion and Order, Jon has not made a substantial showing of the denial of a constitutional right. Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996).  The court will deny the issuance of a Certificate of Appealability.

## V.  **Conclusion**

The court **ORDERS** the following:

1.  Respondent Thaler's Motion for Summary Judgment (Docket Entry No. 18) is **GRANTED**.

2.  The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice**.

3.  A Certificate of Appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this the 23rd day of June, 2011.

SIM LAKE
UNITED STATES DISTRICT JUDGE